UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| KELLY SCHULTZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REALTY GROUP LLC, a Minnesota company,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT**

This case addresses a disturbing trend whereby real estate companies train realtors to cold call consumers without consent violating the Telephone Consumer Protection Act. Plaintiff Kelly Schultz ("Schultz" or "Plaintiff Schultz") brings this Class Action Complaint and Demand for Jury Trial against Defendant Realty Group LLC ("Realty Group" or "Defendant") to stop the Defendant from violating the Telephone Consumer Protection Act by placing solicitation calls and texts *without consent* to consumers whose phone numbers are registered on the National Do Not Call registry("DNC"). Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herselfand her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff is a resident of Zimmerman, Minnesota.

2. Defendant Realty Group is a company registered in Minneapolis, Minnesota. Defendant Realty Group conducts business throughout this District, Minnesota, and the US.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant since the Defendant has its headquarters in this District, and the Venue is proper because Defendant resides here and a substantial part of the conduct giving rise to this action was directed towards the Plaintiff by the Defendant from this District.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

2

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in July 2021 alone, at a rate of 136.3 million calls per day. www.robocallindex.com (last visited August 29, 2021).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

**COMMON ALLEGATIONS**

16. Defendant Realty Group is a real estate brokerage.[3]

17. Defendant Realty Group trains its real estate agents to engage in telemarketing to solicit business from consumers who have never provided consent to Defendant Realty Group to call them.

18. Defendant Realty Group provides training to agents to use telemarketing software programs, like Follow Up Boss, to place telemarketing solicitation calls and text messages on behalf of the Defendant, to solicit Defendant's products and services to consumers across the U.S.

19. Defendant Realty Group not only provides the agents with the software access and the training to use them, it also supplies consumer leads to their agents to solicit Defendant's products and services to, using their telemarketing tools and training.

20. Defendant also provides scripts to their agents for the telemarketing solicitation calls and text messages, in which it insists that the agents identify themselves as the Defendant.

21. Defendant Realty Group provides consumer leads to its agents and encourages the agents to place telemarketing solicitation phone calls to those consumers using their own personal cell phones.

22. Defendant Realty Group does not provide any training to their telemarketers to help them understand the rules and regulations laid down by the various laws, including the TCPA, thus failing to prevent their agents from violating the laws, such as TCPA.

23. In cold calling the consumers, Defendant Realty Group's agents place multiple unsolicited telemarketing calls and text messages to phone numbers that are registered on the National DNC, such as the Plaintiff's phone number.

---

[3] https://www.linkedin.com/company/realty-group-mn/about/

4

24. In response to these unwanted calls, Plaintiff Schultz files this lawsuit seeking injunctive relief requiting the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

### PLAINTIFF SCHULTZ'S ALLEGATIONS

25. Plaintiff Schultz registered her cell phone number on the DNC on March 25, 2017.

26. Plaintiff Schultz's phone number is not associated with a business and is primarily for personal use.

27. On January 11, 2021, at 2:32 PM, Plaintiff Schultz received a call from one of Defendant's agents from the phone number 612-402-7572.

28. Plaintiff did not answer this call and received a voicemail to her cell phone, stating: "Hi, this is Noni calling from Realty Group. Um, a while back you were looking for homes and you were on one of our Realty Group websites. And, it's been a while since we reached out so I'm calling to see if you found a home or if you're still looking. My number is 612-402-7572. Again that's 612-402-7572. So feel free to call or text me anytime. Thanks"

29. The phone number, 612-402-7572, belongs to a Winona (Noni) Paup, an agent of Defendant Realty Group.

 [4]

---

[4] https://realtygroupmn.com/maple-grove-team/noni-paup-licensed-real-estate-agent

5

30. On February 3, 2021, at 12:52 PM, Plaintiff received 2 nearly identical text messages from the Defendant, within a few seconds of each other, from the phone number 651-358-2249:



31. Both text messages were sent to the Plaintiff's cell phone from the same agent of Defendant Realty Group, Noni Paup, who had earlier left the voicemail to the Plaintiff's cell phone.

32. These texts and calls were made by Ms. Paup using the training, software, scripts, and leads provided to her by the Defendant.

33. Plaintiff Schultz never gave consent to receiving calls from the Defendant or their agent.

34. The unauthorized solicitation telephone calls that Plaintiff received from the Defendant's agent on behalf of the Defendant, as alleged herein, have harmed the Plaintiff in the

form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to wear and tear of the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

35. Seeking redress to these injuries, Plaintiff, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 27 U.S.C. § 227, *et seq.*, which prohibits telemarketing calls to residential telephones that are registered on the DNC.

## CLASS ALLEGATIONS

36. Plaintiff Schultz brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) one of Defendant's employees or agents called and/or texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and/or texted Plaintiff.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Schultz anticipates the need to amend the Class definitions following appropriate discovery.

38.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant Realty Group or their agents, systematically made multiple calls/text messages to the Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make such calls/texts;

(b)     whether Defendant's calls and text messages to Plaintiff and other consumers were made for telemarketing purposes;

(c)     whether Defendant's conduct constitutes a violation of the TCPA; and

(d)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40.     **Adequate Representation**: Plaintiff Schultz will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Schultz has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Schultz and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Schultz nor her counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff Schultz. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Schultz and the Do Not Call Registry Class)**

42. Plaintiff repeats and realleges paragraphs 1 through 41 of this complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

9

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Schultz, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Schultz as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling/texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Schultz requests a jury trial.

Respectfully Submitted,

**KELLY SCHULTZ**, individually and on behalf of all those similarly situated individuals,

DATED this 6th day of October, 2021.

By: /s/ *Ryan Peterson*
Ryan Peterson
Peterson Legal, PLLC
5201 Eden Avenue, Suite 300
Edina, MN 55436
ryan@peterson.legal
Telephone: (612) 367-6568

Avi R. Kaufman*
avi@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

**Pro Hac Vice motion forthcoming*

11